TRINA A. HIGGINS, UT Bar No. 07349 (*pro hac vice* pending)
thiggins@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
PROFESSIONAL CORPORATION
95 South State Street, Suite 1000
Salt Lake City, UT 84111-1560
Telephone: (801) 401-8510
Facsimile: (866) 974-7329

*Attorney for Movant*
Edward Britt

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| EDWARD BRITT,<br><br>Movant,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>Respondent. | Case No.<br><br>**MOTION TO QUASH SUBPOENA FOR FINANCIAL RECORDS**<br><br>Date:<br>Time:<br>Courtroom: |

Movant Edward Britt ("Mr. Britt"), by and through undersigned counsel, hereby moves this Court pursuant to Section 1110 of the Right to Financial Privacy Act of 1978 ("RFPA"), 12 U.S.C. § 3410, for an order preventing the United States Department of Justice ("DOJ" ) from obtaining access to Mr. Britt's financial records held by JPMorgan Chase Bank, N.A. ("JPMorgan Chase"). In support thereof, Mr. Britt states as follows:

## CERTIFICATION

Undersigned counsel certifies the parties made reasonable efforts to reach an agreement. The parties met and conferred orally.

## I. FACTUAL BACKGROUND

Mr. Britt is the Chief Executive Officer of Applied Biologics, LLC ("Applied Biologics"), a company headquartered in Scottsdale, Arizona. On April 14, 2026, the U.S. Department of Justice issued a Civil Investigative Demand (“CID”) to Applied Biologics, seeking information related to allegations that Applied Biologics, LLC caused the submission of false claims to federal healthcare programs for skin substitutes. On May 5, 2026, Mr. Britt received notice from the DOJ that a CID had also been issued to JPMorgan Chase, seeking Mr. Britt's personal financial records. A copy of the Customer Notice and the CID are attached hereto as Exhibit A. The relevant time period specified in the CID is January 1, 2023 through the date of service of the CID.

The CID to JPMorgan Chase seeks an extraordinarily broad range of Mr. Britt's personal financial records, including, without limitation: (1) all documents relating to Mr. Britt's credit card and revolving credit accounts; (2) all documents relating to Mr. Britt's deposit and securities accounts, including all accounts over which Mr. Britt has ever exercised signature or other authority; (3) all documents relating to any credit facility ever considered for Mr. Britt; (4) all documents relating to real property located in Phoenix, Arizona ; (5) all documents relating to any and all other financial accounts over which Mr. Britt has ever exercised authority; and (6) mobile and online banking information, including session history, device IDs, IP addresses, and cross-referenced cookie data.

The Customer Notice advised Mr. Britt that he had the right to challenge the CID by filing a motion in either the United States District Court for the Western District of Kentucky or the

United States District Court for Arizona. Mr. Britt timely files this Motion in the District of Arizona, where he resides.

## II. LEGAL STANDARD

The Right to Financial Privacy Act of 1978, 12 U.S.C. §§ 3401 et seq., was enacted to protect the privacy of individuals' financial records held by financial institutions. The RFPA establishes specific procedures that the Government must follow before obtaining a customer's financial records, and it grants customers the right to challenge such requests.

Under 12 U.S.C. § 3410(a), a customer may move to quash a government request for financial records by filing a motion in the appropriate district court within ten (10) days of service of the Customer Notice, or fourteen (14) days from the date of mailing. The motion must be accompanied by a sworn statement setting forth the reasons why the records should not be disclosed.

Upon receipt of such a motion, DOJ bears the burden of demonstrating that: (1) there is a legitimate law enforcement inquiry; and (2) the records sought are relevant to that inquiry. 12 U.S.C. § 3410(c). The Court must quash or modify the demand if it finds that the records are not relevant to a legitimate law enforcement inquiry, or that there has not been substantial compliance with the RFPA. Id.

## III. ARGUMENT

A. <u>The CID Fails to Satisfy the Relevance Requirement of the RFPA.</u>

Under the Right to Financial Privacy Act ("RFPA"), a federal agency may obtain a customer's financial records via an administrative subpoena "only if there is a reason to believe that the records sought are relevant to a legitimate law enforcement inquiry." 12 U.S.C. §§ 3405(1)–(2). Accordingly, when reviewing a government issued subpoena, courts look to: "(1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation." *EEOC v. Fed. Express Corp.*, 558 F.3d 842, 848 (9th Cir. 2009) (cleaned up) (emphasis added).

The DOJ's investigation concerns corporate conduct—specifically, whether Applied Biologics, LLC caused others to submit false claims to federal healthcare programs. The additional CID directed to JPMorgan Chase however, seeks to pierce the corporate veil and expose Mr. Britt's personal financial records, including account statements, email messages, line-item consumer transactions, household expenditures, and merchant-level activity.

DOJ has not articulated how Mr. Britt's personal financial records are relevant to determining whether Applied Biologics, LLC caused false claims to be submitted for skin substitute products to federal healthcare programs. Personal expenditures such as groceries, retail purchases, family expenses, and other ordinary consumer transactions have no conceivable nexus to the allegations concerning Applied Biologic and are not relevant to an investigation of corporate billing practices.

Accordingly, the production of such information would not advance any legitimate investigative purpose, and the CID at issue fails to satisfy the relevance requirement of the RFPA.

B. <u>The CID Is Overbroad and Seeks Records Not Related to Any Legitimate Law Enforcement Inquiry</u>

Additionally, a subpoena should not be enforced if the inquiry is "unreasonable because it is overbroad or unduly burdensome." *EEOC v. Children's Hosp. Med. Ctr. of N. Cal.*, 719 F.3d 719 F.2d 1426, 1428 (9th Cir. 1983) (en banc), overruled on other grounds as recognized in *Prudential Ins. Co. of Am. v. Lai*, 42 F.3d 1299 (9th Cir. 1994). The RFPA requires that financial records sought by the Government be relevant to a "legitimate law enforcement inquiry." 12 U.S.C. § 3402. The Ninth Circuit has established that the Government cannot issue a subpoena that is "so broad as to be in the nature of a 'fishing expedition.'" *Peters v. U.S.*, 853 F.2d 692, 697 (1988). The breadth of the CID—which seeks every financial record associated with Mr. Britt dating back to January 1, 2023, including personal real estate transactions, annuities, retirement accounts, and online banking session data—far exceeds any legitimate investigative need.

A comprehensive production of Mr. Britt's personal financial records exceeds the scope of any legitimate investigative need.

## IV. CONCLUSION

For the foregoing reasons, Mr. Britt respectfully requests that this Court enter an order: Quashing Civil Investigative Demand No. 26-0024 issued to JPMorgan Chase Bank, N.A.

Dated: May 15, 2026

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Trina A. Higgins*
Trina A. Higgins

TRINA A. HIGGINS (*pro hac vice* pending)
thiggins@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
PROFESSIONAL CORPORATION
95 South State Street, Suite 1000
Salt Lake City, UT 84111-1560
Telephone: (801) 401-8510
Facsimile: (866) 974-7329

*Attorney for Movant*
Edward Britt

**AFFIDAVIT**

I, Edward Britt, am presently a customer of JP Morgan Chase Bank, and I am the customer whose records are being requested by the Government. The financial records sought by the Department of Justice are not relevant to the legitimate law enforcement inquiry stated in the Customer Notice that was sent to me because this is an investigation into alleged violations of the False Claims Act that do not have a connection to my personal banking transactions.

Under Oath or By Affirmation

I swear or affirm under penalty of perjury that the contents of this document are true and correct to the best of my knowledge and belief.

May 14, 2026

Date

Movant's Signature

Edward Britt

Printed Name