**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Britt, | No. MC-26-00009-PHX-KML |
| Movant, | **ORDER** |
| v. | |
| United States Department of Justice, | |
| Respondent. | |

The United States Department of Justice is investigating whether Edward Britt and his company submitted false claims to federal healthcare programs. In connection with that investigation, the Department of Justice sent a Civil Investigative Demand ("CID") to Britt's bank seeking his personal financial records. After learning of the CID, Britt filed this proceeding to quash the CID. (Doc. 1.) The CID meets the forgiving standard for permissible investigative demands, so the motion to quash is denied.

Britt is the CEO of Applied Biologics, LLC, the manufacturer of "skin substitute products, including a product called Xwrap." (Doc. 10 at 1.) "Since 2019, Medicare has paid more than $311,000,000 for claims for XwWrap [sic]." (Doc. 10-1 at 1.) According to an "Affirmative Civil Enforcement Auditor for the United States Attorney's Office of the Western District of Kentucky," Britt and Applied Biologics are believed to have employed "various methods" that caused "Medicare to reimburse Xwrap at fraudulently inflated prices, resulting in Medicare incurring substantial losses." (Doc. 10-1 at 1.) Britt allegedly profited from these "inflated reimbursement[s]." (Doc. 10-1 at 2.)

In April 2026, an Assistant United States Attorney sent a CID to JP Morgan Chase. (Doc. 10-2 at 1.) That CID sought all documents involving Britt's personal accounts for the period from January 1, 2023, through the date of the CID. (Doc. 1-1 at 11.) Britt received notice of the CID on May 5, 2026, and filed his motion to quash on May 15, 2026. That motion argues the CID should be quashed because "DOJ's investigation concerns corporate conduct" by Applied Biologics and Britt's personal records are not relevant to that corporate conduct. (Doc. 1 at 4.) The motion also argues the CID's scope "far exceeds any legitimate investigative need." (Doc. 1 at 4.)

The Right to Financial Privacy Act of 1978 ("RFPA") requires the court deny a motion to quash if "there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry." 12 U.S.C. § 3410(c). If those requirements are not met, or if the government has not substantially complied with the RFPA's procedural requirements, the motion to quash should be granted. *Id.* Britt does not present any arguments regarding RFPA's procedural requirements, so the only issues are whether there is a "demonstrable reason to believe that the law enforcement inquiry is legitimate" and whether there is a "reasonable belief" the records are relevant to that inquiry. 12 U.S.C. § 3410(c).

Britt seems to argue the law enforcement inquiry is not legitimate because "[t]he DOJ's investigation concerns corporate conduct—specifically whether Applied Biologics, LLC caused others to submit false claims to federal healthcare programs." (Doc. 1 at 4.) According to Britt, his "personal financial records" would not reflect any information regarding the actions of Applied Biologics, so the CID "would not advance any legitimate investigative purpose." (Doc. 1 at 4.) DOJ provided a declaration stating both Britt and his company are under investigation for submission of false claims. (Doc. 10-1 at 1.) In other words, the investigation extends beyond Applied Biologics to Britt himself, who has been identified as "an individual target[.]" (Doc. 10 at 6.) Britt does not dispute the DOJ has authority to conduct this type of investigation, and there is no evidence it is "motivated by an illegitimate purpose—i.e., harassment, intimidation, etc." *Feiner v. U.S. S.E.C.*, 914 F.

Supp. 2d 474, 477 (S.D.N.Y. 2012). In the words of the RFPA, "there is a demonstrable reason to believe that the law enforcement inquiry is legitimate." 12 U.S.C. § 3410(c).

The remaining requirement is that there be a "reasonable belief that the records sought are relevant" to the inquiry. 12 U.S.C. § 3410(c). This does not require the records be proven in fact to be relevant to an inquiry. Rather, there need only be a "reasonable belief" that the records will be relevant. *Grenda v. United States Sec. & Exch. Comm'n*, No. 17-CV-536, 2017 WL 4053821, at *2 (W.D.N.Y. Sept. 14, 2017). This is not a "high burden" and "courts have defined relevance quite broadly." *Feiner*, 914 F. Supp. at 478. "Bank records are relevant to a government investigation for purposes of the RFPA if they touch on a matter under investigation[,] even if they have only a loose connection to the core of the inquiry." *Nicksolat v. U.S. Dep't of Transportation*, 277 F. Supp. 3d 122, 128 (D.D.C. 2017) (simplified).

The DOJ believes Britt is connected "to apparently illicit conduct" involving large sums of money, so it is permissible to determine "whether [Britt's] bank account contains evidence of such conduct." *Feiner*, 914 F. Supp. at 478. The CID may be broad in scope but "the fact that [DOJ] has cast its net broadly and may obtain information that ultimately is not directly relevant, without more, is not a basis to quash or limit the subpoena." *Grenda*, No. 17-CV-536, 2017 WL 4053821, at *2. The CID satisfies the relevance requirement of the RFPA.

**IT IS ORDERED** the Motion to Quash (Doc. 1) is **DENIED**. The Clerk of Court shall close this case.

Dated this 10th day of June, 2026.

_____
**Honorable Krissa M. Lanham**
**United States District Judge**

- 3 -